

**FILED**

August 27, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JEWEL HARRIGAN, | ) |
| | ) **CASE NO. ST-2017-CV-00504** |
| Plaintiff, | ) |
| vs. | ) **ACTION FOR DAMAGES** |
| | ) |
| VIRGIN ISLANDS DEPARTMENT OF | ) |
| PUBLIC WORKS, and THE GOVERNMENT | ) |
| OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Defendants. | ) |

**Cite as: 2020 VI Super 79U**

## MEMORANDUM OPINION AND ORDER

¶1     Pending before the Court are the following:

1.   Plaintiff Jewel Harrigan's Motion for Relief From 2/8/2019 Memorandum Opinion and Order Issued in This Matter filed on May 15, 2019; and

2.   Defendants Virgin Islands Department of Public Works' and the Government of the Virgin Islands' Response in Opposition to Plaintiff's Motion for Relief From 2/8/2019 Memorandum Opinion and Order Issued in This Matter filed on June 24, 2019.

     Plaintiff's Motion for Relief will be denied because: (1) she merely amplifies the prior reasons for the untimely filing of her Complaint and (2) she does not provide any legal authority in support of her Motion.

### FACTUAL AND PROCEDURAL HISTORY

¶2     On September 12, 2015, Plaintiff Jewel Harrigan stepped into a hole while walking along Second Street in Sugar Estate, St. Thomas, causing her to fall and suffer injuries.[1] Harrigan filed a Notice of Intent against the Government of the Virgin Islands, Department of Public Works on November 17, 2015. Harrigan's counsel at the time, Attorney Monica Howard, passed away on November 28, 2016. Harrigan's current counsel of record, Attorney Wayne Anderson, was in communication with Attorney General Claude Walker on February 21, 2017, inquiring about the status of the case and then met with Assistant Attorney General Ariel Smith in April of 2017. Attorney Wayne Anderson traveled to South Carolina on a pre-planned vacation with the intention to return to St. Thomas on September 12, 2017.

¶3     However, Hurricane Irma struck St. Thomas and St. John on September 6, 2017, and

---

[1] Compl. ¶ 5.

*Jewel Harrigan v. Virgin Islands Department of Public Works, et al.*
Case No. ST-2017-CV-00504
Memorandum Opinion and Order
Page 2 of 6

**2020 VI Super 79U**

Hurricane Maria struck the Virgin Islands on September 20, 2017, causing catastrophic damage. Attorney Anderson was unable to return until October 18, 2017. Attorney Anderson filed a Complaint and a Motion for Relief from a Judgment or Order and in the Alternative for Extension of Time to File Plaintiff[sic] Complaint on December 22, 2017.

¶4      On May 24, 2018, the Court issued an Order reserving its ruling on Harrigan's Motion for Relief from a Judgment or Order and in the Alternative for Extension of Time to File Plaintiff [sic] Complaint and permitted Harrigan an extension of time to serve her Summons and Complaint upon the Government. The Government filed its Motion to Dismiss on August 14, 2018.

¶5      The Court issued a February 8, 2019 Memorandum Opinion and Order, which was entered on February 11, 2019, granting the Government's Motion to Dismiss, ruling that even with the applications of Administrative Order No. 2017-0001 and Administrative Order No. 2017-005 granting extensions due to the hurricanes, Harrigan's Complaint was still untimely due to the two-year statute of limitations.

¶6      On May 15, 2019, Harrigan filed her pending Motion for Relief From 2/8/2019 Memorandum Opinion and Order Issued In This Matter. The Government filed Defendants' Response in Opposition to Plaintiff's Motion for Relief From 2/8/2019 Memorandum Opinion and Order Issued In This Matter on June 24, 2019.

## ANALYSIS

¶7      Harrigan erroneously cites to Federal Rules of Civil Procedure Rule 60 as grounds for her Motion for Relief.  The applicable rule is Virgin Islands Rules of Civil Procedure Rule 60, which states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that could not, with reasonable diligence, have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether in a form previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> (c) Timing and Effect of the Motion.
> (1) Timing.

*Jewel Harrigan v. Virgin Islands Department of Public Works, et al.*
Case No. ST-2017-CV-00504
Memorandum Opinion and Order
Page 3 of 6

**2020 VI Super 79U**

A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.[2]

¶8    The Motion for Relief neither specifies under which ground of Rule 60 Harrigan seeks relief, nor does Harrigan provide any legal authority in support of her Motion. As grounds for the Motion, Harrigan's counsel of record discusses his ongoing medical, financial, and emotional distress from the fall of 2016 through 2017.[3]   Attorney Anderson acknowledges that he did visit the Office of the Attorney General to speak to the Assistant Attorney General assigned to the matter. However, he was told both times that an Assistant Attorney General had yet to be assigned and Attorney Anderson would be contacted then.[4] Attorney Anderson visited his daughter in August of 2017 to help deal with her medical conditions and planned to file the complaint upon returning on September 12.[5] Attorney Anderson admits that he mistakenly believed the deadline was September 18, 2017, and not the date of his September 12, 2017 return flight to St. Thomas, which was the actual deadline to file the complaint.[6] Harrigan's Motion emphasizes that her counsel of record was extremely distressed by his own ongoing medical situation, his daughter's medical issues, other ongoing financial adversities, and emotional stress that were all then exacerbated by Hurricanes Irma and Maria on September 6, 2017 and September 20, 2017.[7]

¶9    Harrigan's Motion fails to provide any legal authority in support of the relief being sought. Nor does she specify under which ground of Rule 60 she brings this Motion for Relief. Therefore, the Court must infer, based on the contents of the Motion, that Harrigan seeks relief under Rule 60(b)(1): excusable neglect.

¶10    "Excusable neglect" is an equitable determination where the court takes into account "all relevant circumstances surrounding the omission … including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[8] Even though this Court already found that Harrigan failed to meet her burden of showing entitlement to equitable tolling in this matter in the February 8, 2019 Memorandum Opinion and Order, it does not find that she has demonstrated excusable neglect.

¶11    As to the danger of prejudice to the non-movant, the Government argues that it has been and will continue to be prejudiced by expending its human and financial resources to defend

---

[2] *See* V.I.R. CIV. P. 60.

[3] *See* Pl.'s Mot. for Relief 1.

[4] *See id.* 2.

[5] *See id.*

[6] *See id.*

[7] *See id.* 3.

[8] *See Fuller v. Browne*, 59 V.I. 948, 954 (V.I. 2013) (citing *Brown v. People*, 49 V.I. 378, 383 (V.I. 2008) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993)).

*Jewel Harrigan v. Virgin Islands Department of Public Works, et al.*
Case No. ST-2017-CV-00504
Memorandum Opinion and Order
Page 4 of 6

**2020 VI Super 79U**

Plaintiff's "meritless claims.[9] Although this matter has already been dismissed, Plaintiff is asking to reopen and relitigate issues thereby forcing the Government to continue to defend itself in this action.[10] Prejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior, or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior.[11] Also, as time passes, witnesses move, their memories dim and records may be lost. While the Government does contend continued expenditures in this case as prejudice, the Court does not weigh this significantly in its determination of excusable neglect.

¶12    As to the length of delay and its impact on judicial proceedings, this Court has already completed an analysis of the delay in its February 8, 2019 Memorandum Opinion and Order, wherein the Court found that even if the Administrative Orders tolling court deadlines in light of Hurricanes Irma and Maria applied to the statutory deadline to file a tort claim, the most liberal application of these Administrative Orders still does not make Harrigan's filing timely: the most liberal application of the administrative orders tolling deadlines would have established a deadline for Harrigan to file her Complaint by November 27, 2017, and the Complaint was not filed until December 18, 2017. While the Court acknowledges and is sympathetic to the circumstances surrounding the hurricanes' devastation, the Court finds that the delay is beyond what is constituted as excusable neglect. In what was considered a "close call," the District Court of the Virgin Islands found that the Plaintiff made a showing of excusable neglect when there was a six-day delay in *Glasgow v. Veolia Water North America Operating Services, LLC*.[12] A 48-day delay was considered significant in *Gautier-James v. Hovensa, LLC*.[13] Even in applying the most lenient interpretations, Harrigan's delay is still significant.

¶13    As for the reasons for the delay and whether it was in the control of the movant, courts in the Virgin Islands have consistently held that a busy schedule of counsel, by itself, does not establish excusable neglect.[14] A moving party must show more than merely being too busy.[15] Busy schedules and travel plans cannot satisfy that standard.[16] Conflicting or hectic schedules do not constitute sufficiently good cause to justify or excuse a failure to comply with deadlines.[17] Harrigan's Motion for Relief explains how Plaintiff's counsel was under particular medical, financial, and emotional stress throughout 2017,[18] which the Court interprets as being perpetually busy dealing with personal matters. These facts establish ongoing issues that pre-date Plaintiff's

---

[9] *See* Def.'s Opp. To Pl.'s Mot. for Relief 8.

[10] *See id.*

[11] See *Molloy v. independence Blue Cross*, 56 V.I. 155, 2012 WL 78942, at *17

[12] *See Glasgow v. Veolia Water North America Operating Servs. LLC*, 2011 WL 3471963 *3 (D.V.I. Aug. 5, 2011).

[13] *See Gautier-James v. Hovensa, LLC*, 2012 WL 113777 *4 (D.V.I. Jan. 13, 2012).

[14] *See Barshinger v. Legislature of the V.I. of the U.S.*, ST-11-CV-024, 2014 V.I. LEXIS 99, *7, 2014 WL 6604871 (V.I. Super. Ct. Nov. 10, 2014).

[15] *See GRS Dev. Co. v. Jarrett*, 45 V.I. 211, 216 (V.I. Terr. Ct. 2003).

[16] *See Edwards v. Hess Oil Virgin Islands Corp.*, 69 V.I. 136, 141 (V.I. Super. Ct. June 28, 2017).

[17] *See Christopher v. Gov. Juan F. Luis Hospital & Medical Center*,

[18] *See* Pl.'s Mot. for Relief 1.

*Jewel Harrigan v. Virgin Islands Department of Public Works, et al.*
Case No. ST-2017-CV-00504
Memorandum Opinion and Order
Page 5 of 6

**2020 VI Super 79U**

counsel's undertaking of Harrigan's case in early 2017 and still leaves the Court without clarity or sufficient explanation as to why Plaintiff's counsel waited so long after judicially extended deadlines to file the Complaint.

¶14    Furthermore, Plaintiff's counsel acknowledges that when he scheduled travel to South Carolina, he mistakenly noted the deadline to file the Complaint was on September 18, 2017, when it was actually September 12, 2017. While the hurricanes were obviously not within the movant's control, Plaintiff's counsel had control over when to file the Complaint throughout 2017 but chose to wait until the deadline had passed.  It was also within the movant's control to correctly identify the deadline. The Court finds that the reason for the delay and the movant's control of the reason for the delay weigh against a finding of excusable neglect.

¶15    Finally, as for whether the movant acted in good faith, based on the facts in the record, the Court cannot find that the Plaintiff engaged in any "outright" behavior that would constitute bad faith.[19] Overall, the Court finds that the length of the delay, the reason for the delay, and what control the movant had weigh against finding that "excusable neglect" should be applied as grounds for relief to Harrigan under Rule 60. Although the Court finds the prejudice to the Government to be minimal and does not find bad faith on the part of Harrigan, these factors are easily outweighed by the reason for delay and length of delay factors.[20] As the Third Circuit has noted, "prejudice to the opposing party, disruption of efficient judicial administration, and bad faith are frequently absent."[21] However, the Court finds here the reason for the delay and the length of the delay to weigh against a finding of excusable neglect under Rule 60. For these reasons, the Court will deny Harrigan's Motion for Relief.

## CONCLUSION

¶16    The Court concludes that Harrigan is not entitled to relief under Rule 60. Therefore, Plaintiff's Motion for Relief From 2/8/2019 Memorandum Opinion and Order in This Matter filed on May 15, 2019 will be denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Relief From 2/8/2019 Memorandum Opinion and Order in This Matter, filed on May 15, 2019, is **DENIED**; and it is further

---

[19] *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012).

[20] *See Baptiste v. Rohn*, 2015WL 9460128 *5 (D.V.I. Dec. 23, 2015) (weighing the four factors similarly).

[21]  *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 331 (3d Cir. 2012).

*Jewel Harrigan v. Virgin Islands Department of Public Works, et al.*
Case No. ST-2017-CV-00504
Memorandum Opinion and Order
Page 6 of 6

**2020 VI Super 79U**

**ORDERED** that a copy of this Memorandum Order shall be directed to counsel of record.

DATED: 8/27/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor___8__/_28__/_2020_